UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Edina Couriers, LLC,                                      Civil No. 06-691(PAM/JSM)

          Plaintiff,

v.                                                          **MEMORANDUM AND ORDER**

Alpha Transportation Services,
Incorporated, a/k/a A.T.S., Incorporated,
and Stephanie Tucker,

          Defendants.
_____

This matter is before the Court on Plaintiff's Motion for Summary Judgment. For the reasons that follow, the Court denies the Motion without prejudice.

**BACKGROUND**

Plaintiff Edina Couriers, LLC ("Edina Couriers") is in the business of transporting goods on a contract basis. On October 18, 2004, Defendant Alpha Transportation Services, Inc. (ATS) contracted with Edina Couriers to pick-up and deliver mail and other items for UPS Mail Innovations. In connection with the contract, ATS executed a credit application. Stephanie Tucker, the President of ATS personally guaranteed this obligation.

The Broker-Contract Carrier Agreement ("Carrier Agreement") sets out the terms and conditions of the service to be performed. Section X.(b) of the Carrier Agreement provides that "the venue for any actions for breach of contract . . . shall be Fayetteville, Washington County, Arkansas," and if federal law were to preempt state law, jurisdiction would lie in the

"U.S. District Court (Western District of Arkansas)."

Edina Couriers moves for summary judgment on the ground that ATS owes it $84,293.29 for services rendered, and that the amount is not contested. Edina Couriers argues that Tucker personally guaranteed the obligation of ATS and that no claim of improper venue can be made because the credit application document does not contain the choice of venue provision. Additionally, Edina Couriers claims that Tucker is responsible for both the transportation charges and attorneys' fees. Edina Couriers submits the Affidavit of Thomas Bartsh, the logistics manager of Edina Couriers. Bartsh states that the business records of Edina Couriers and ATS show that ATS owes Edina Couriers $84,293.29.

On the other hand, ATS asserts it is entitled to a set-off for anything owed to Edina Couriers. In Section I.(e) of the Carrier Agreement, Edina Couriers agreed that it would not solicit any of the accounts of ATS. ATS offers the Affidavit of Donald Tucker, an officer of ATS, who attests that Edina Couriers approached at least one of ATS's customers to solicit business and rendered services to UPS Mail Innovations, one of ATS's largest customers.

## DISCUSSION

### A.  Standard of Review

The Court may grant summary judgment if it finds that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In addition, supporting and opposing

affidavits must "set forth such facts as would be admissible in evidence" from personal knowledge of the affiant. Fed. R. Civ. P. 56(e). "The clear import of Rule 56 is that, 'regardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied.'" Robinson v. Monaghan, 864 F.2d 622, 624 (8th Cir. 1989) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).

The Court must view the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. Enter. Bank v. Magna Bank, 92 F.3d 743, 747 (8th. Cir 1996). The moving party carries the burden of showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Id. "The burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325. After the moving party makes its showing, the burden shifts to the non-moving party to present evidence demonstrating that there is in fact a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256-57 (1986). "A mere scintilla of evidence supporting the non-movant's position will not fulfill the non-movant's burden." Id. at 252.

**B.     Merits**

Edina Couriers has failed to provide sufficient evidentiary support in seeking summary judgment. Edina Couriers has offered one affidavit that makes a conclusory statement that it is entitled to $84,293.29, and that this amount is not disputed. There is no evidence in the record establishing how Edina Couriers calculated the amount, that it is past due, or that ATS failed to pay the debt. Without such records, Edina Couriers has failed to meet its burden to show its entitlement to judgment as a matter of law.

**C.     Genuine Issues of Material Fact**

The Court may not grant summary judgment if there are genuine issues of material fact. Fed. R. Civ. P. 56(c). "Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

ATS contends that there is a genuine issue of material fact as to whether Edina Couriers breached the contract. ATS offers the affidavit of Donald Tucker, who attests that Edina Couriers solicited customers of ATS, in direct violation of the Carrier Agreement. Because of this breach, ATS claims it is entitled to a set-off for any amounts owed to Edina Couriers. Edina Couriers failed to offer any evidence to dispute this assertion. Thus, summary judgment is not appropriate also because there are genuine issues of material fact.

**CONCLUSION**

Edina Couriers failed to offer sufficient evidence to show that it is entitled to summary judgment. Moreover, there are genuine issues of material fact. Although the Court denies summary judgment at this time, the denial is without prejudice because of the circumstances and early procedural posture of this case. Accordingly, **IT IS HEREBY ORDERED** that Edina Couriers' Motion for Summary Judgment (Docket No.14) is **DENIED without prejudice**.

Dated: April 12, 2007

                                                s/ Paul A. Magnuson
                                                Paul A. Magnuson
                                                United States District Court Judge